IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terri J. Hoffman o/b/o
     Marc R. Hoffman (deceased),          Case No. 3:11-CV-00237

        Plaintiff

    v.                      ORDER

Commissioner of Social Security,

        Defendant

     In this appeal, I review defendant Commissioner of Social Security's (Commissioner) final decision denying plaintiff Marc R. Hoffman's claims for disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

     The Commissioner objects [Doc. 33] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 32], which recommends vacating the administrative law judge's (ALJ) decision, and remanding for further proceedings. Based on a *de novo* review of the record, I overrule the Commissioner's objections.

**Background**

On January 5, 2006, Hoffman filed an application for Period of Disability (POD), Disability Insurance Benefits (DIB), and Social Security Income (SSI), alleging a disability onset date of November 14, 2005. His application was denied initially and upon reconsideration. Hoffman timely requested an adminstrative hearing.

On November 13, 2008, an Administrative Law Judge held a hearing during which Hoffman and his ex-wife testified. Robert Barkhaus testified as a Vocational Expert. On July 21, 2009, the ALJ found Hoffman was able to perform a significant number of jobs in the national economy, and was not disabled. The Appeals Council denied further review, making the ALJ's decision the final decision of the SSA.

Hoffman then filed an appeal to this court. Magistrate Judge Greg White issued a Report and Recommendation that the matter be remanded.

## Standard for Disability

The standard for disability under both the DIB and SSI programs is substantially similar. 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. To determine disability, the ALJ engages in a sequential, five-step evaluative process. The ALJ considers whether: 1) the claimant is engaged in work that constitutes substantial gainful activity; 2) the claimant is severely impaired; 3) the claimant's impairment meets or equals the Secretary's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1; 4) claimant can perform past relevant work; and 5) other jobs exist in significant numbers to accommodate claimant if claimant cannot perform his past relevant work, given his residual functional capacity (RFC), age, education and past work experience. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four, after which the burden shifts to the Commissioner at step five. *Id.* at § 404.1520(a)(4).

## ALJ Findings

In his decision on July 21, 2009, the ALJ made the following findings:

1. The Claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since November 14, 2005, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: osteoarthritis, obesity, obstructive sleep apnea, degenerative joint disease, right ankle necrosis, low back pain, and chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925, and 416.926).

5. The claimant has the residual functioning capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he cannot push or pull with the right lower extremity; can never climb ladders, ropes, and scaffolds; can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to pulmonary irritants.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 8, 1962 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-59 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 14, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

In conclusion, the ALJ found that Hoffman was not disabled under §§ 216(i), 223(d), or 1614(a)(3)(A) of the SSA. The Magistrate recommends remanding the case back to the ALJ due to his failure to explain the weight he gave to the opinions of Hoffman's treating physician, Dr. Robert Barnett.

**Standard of Review**

When reviewing the Magistrate's Report, I make a *de novo* determination regarding the portions to which the Commissioner objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record

4

suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

The Magistrate Judge recommends I remand the decision back to the Social Security Administration because it is not clear whether the ALJ considered, and gave proper weight to, Hoffman's treating physican's opinions. The Commissioner objects to this recommendation, arguing that: 1) the Magistrate did not properly consider the ALJ's analysis of Dr. Barnett's 2006 opinions; and 2) the Magistrate improperly relied upon Dr. Barnett's February 2009 opinion.

## 1. Analysis of Dr. Barnett's 2006 Opinions

Hoffman argued that the ALJ did not comply with 20 C.F.R. § 404.1527(d) and failed to explain the weight given to the opinions of his treating physician. The Commissioner contended that the ALJ did consider Dr. Barnett's opinions, but appropriately did not give it controlling weight because it was inconsistent with the record. The Magistrate agreed with Hoffman, deciding that the ALJ did not explain why he did not give more weight to Dr. Barnett's opinion, particularly when it was not inconsistent with the record.

Social Security regulations suggest that administrative law judges will "give more weight to opinions from [a claimant's] treating sources." 20 C.F.R. § 404.1527(d)(2). If that treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record," that opinion will be given controlling weight. *Id.*; *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (explaining the "treating physician rule"). Even when the SSA does not give controlling weight to the treating physician's opinion, this does not mean "the opinion should be rejected."

5

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4). Instead, the ALJ should consider the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine how much weight he should give the treating physician's opinions.[1]

The ALJ here referenced Dr. Barnett's report from May 2006, which stated that Hoffman could not "be on his feet more than one hour due to leg swelling." The ALJ then looked at Dr. Barnett's report in July 2006, which stated that Hoffman could not stand more than 10-15 minutes. The ALJ rejected the latter conclusion in his RFC determination, and presumed that the former conclusion meant Hoffman could still stand for one hour "at a time."

The Commissioner argues that the ALJ's RFC findings are consistent with both of Dr. Barnett's reports in 2006. This is simply incorrect. Dr. Barnett's examinations in 2006 clearly led him to conclude that Hoffman's ability to stand had deteriorated, resulting in "marked limitation of mobility" and an inability to "stand > 10-15 minutes" in July 2006. I agree with the Magistrate that while it may have been reasonable for the ALJ to interpret the May 2006 conclusion to mean that Hoffman could stand for one hour "at a time," this conclusion is "unreasonable when reading that record in conjunction with the statement made two months later that Hoffman cannot stand for more than ten to fifteen minutes at a time." The ALJ's decision skims over Dr. Barnett's later conclusions, and does not provide specific reasons for rejecting the July 2006 opinion, as required by the Social Security regulations.

---

[1] These factors include the length of the treatment relationship and frequency of examination, the nature and extent of treatment relationship, the supportability and consistency of the treating physician's opinions, the physician's amount of understanding of SSA disability programs and their evidentiary requirements, and the extent of the physician's familiarity with the other information in the case record. 20 C.F.R. § 404.1527(d)(2) - (6).

The Sixth Circuit has stated clearly that when "the ALJ fails to give good reasons on the record for according less than controlling weight to treating sources, we reverse and remand unless the error is a harmless *de minimis* procedural violation." *Blakley*, *supra*, 581 F.3d at 409 (citing *Wilson v. Comm'r of Soc. Sec.*, 379 F.3d 541, 547 (6th Cir. 2004)). Precedent suggests that a harmless *de minimis* violation might be where "the treating source's opinion is so patently deficient that the Commissioner could not possibly credit it," or the Commissioner makes findings consistent with the treating source's opinion, or the Commissioner complies with the "procedural safeguard of reasons" from 20 C.F.R. § 404.1527(d)(2). *Wilson*, *supra*, 379 F.3d at 547. None of these circumstances apply here; reversing and remanding is necessary.

## 2. Inclusion of Dr. Barnett's February 2009 Opinion

The ALJ's failure to provide reasons for rejecting the treating physician's opinions is even more problematic due to his failure to consider the additional opinion Dr. Barnett submitted in February, 2009.

The Commissioner argues that it was improper for the Magistrate to consider this opinion because it was not in the record before the ALJ, citing several Sixth Circuit cases which bar supplementing the record after the ALJ's decision. All the cases cited, however, involve examinations and reports submitted subsequent to the ALJ's decisions, but before appeal (whether to the Appeals Council, or to the district court). *See, e.g., Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Such was not the case here: Hoffman has provided evidence that Dr. Barnett's letter in 2009 was submitted to the ALJ after the hearing, but before his final decision. It is unclear why the ALJ did not consider this additional report from Dr. Barnett, when the ALJ did consider post-hearing

7

evidence from Dr. Sushil Sethi. In any case, this failure should not be attributed to Hoffman. Dr. Barnett agrees with Dr. Sethi's conclusions, but his statements also confirm his earlier reports - and directly conflict with Dr. Sethi's later clarification. This further demonstrates how the ALJ failed to properly consider and explain why he did not give Dr. Barnett's opinions controlling weight.

The Magistrate did not err in considering the 2009 opinion, and I overrule the Commissioner's objections regarding the 2009 opinion.

### Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. The Commissioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is, adopted, with the case to be remanded to the SSA.

So ordered.

s/James G. Carr
James G. Carr
Sr. United States District Judge